IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ANTHONY BREWER,

    Petitioner,                      No. CIV S-06-0382 GEB GGH P

    vs.

D.L. RUNNELS, Warden, et al.,

    Respondents.                  ORDER

_____/

         Petitioner's counsel has sought reconsideration[1] of this court's order, filed on November 28, 2006, partially granting interim (hardship) payments to him in the amount of $11,886.73. While petitioner's attorney, assigned only recently to the federal panel as he asserts, does not fault this court for its reasoning in trimming $10,000 from his request, he objects to "the timeliness of the court's notification," apparently with regard to what was expected by the court with regard to reviewing the state record in this matter. Counsel avers that he contacted "federal billing personnel" and two attorneys who practice in the field. He faults the billing personnel for

---

[1] Because counsel failed to direct this "motion for reconsideration" to the district judge, pursuant to E.D. Local Rule 72-303(c), the undersigned has construed the request, filed on the same day as the order was filed granting partial payment, as directed to this court to reconsider its order. Of course, counsel is free to seek reconsideration by the district judge of this and/or the prior order.

1

1  failing to provide insight into how he should approach this case.  However, it would have been
2  wholly inappropriate for such individuals to have purported to have provided legal advice.
3  Counsel also states that two attorneys who practiced in the field told him to approach this matter
4  as though he were handling an initial state appeal.
5              Under 18 U.S.C. § 3006(A)(d)(2), the maximum compensation to be paid to
6  counsel for a criminal defendant before the federal court "shall not exceed $7,000 for each
7  attorney in a case in which one or more felonies are charged...."   In the case of "representation
8  of a petitioner in a non-capital habeas proceeding, the compensation for each attorney shall not
9  exceed the amount applicable to a felony in this paragraph for representation of a defendant
10 before a judicial officer of the district court." Id.  Such limitations may be waived only "for
11 extended or complex representation whenever the court in which the representation was
12 rendered, or the United States magistrate judge ... certifies that the amount of the excess payment
13 is necessary to provide fair compensation and the payment is approved by the chief judge of the
14 circuit." 18 U.S.C. § 3006(A)(d)(3).  This court has approved compensation in excess of the
15 amount to be allocated for representation of a non-capital petitioner and an amended petition has
16 yet to be filed.  The court, having considered petitioner's November 28, 2006, request for
17 reconsideration of its November 28, 2006, under the present circumstances cannot alter the
18 amount set forth in its prior order.
19              IT IS SO ORDERED.
20 DATED:  12/1/06                         /s/ Gregory G. Hollows
21                                         UNITED STATES MAGISTRATE JUDGE
22
23 GGH:009
   brew382.rec
24
25
26

2