IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ANTHONY BREWER,

    Petitioner,        No. CIV S-06-0382 GEB GGH P

  vs.

D. L. RUNNELS, Warden, et al.,    <u>ORDER</u>

    Respondents.

_____/

        Petitioner, proceeding with appointed counsel, has filed a petition pursuant to 28 U.S.C. §2254. The original pro se petition was filed on February 23, 2006; petitioner's first amended petition, filed by counsel on behalf of petitioner, was filed on December 12, 2007. By <u>Order</u>, filed on July 30, 2008, petitioner's motion for a stay pending exhaustion of unexhausted claims was vacated as petitioner, in a July 22, 2008, motion for reconsideration of this court's September 12, 2007, denial of petitioner's discovery motion, informed the court that the claims for which petitioner had sought a stay in this court had been exhausted in the state supreme court in the form of a summary denial on July 16, 2008.

        In petitioner's motion for reconsideration of this court's denial of petitioner's discovery motion, petitioner contended that the undersigned's denial of that motion was predicated primarily on petitioner's having failed to exhaust state court remedies. By the <u>Order</u>,

1

1  filed on July 30, 2008, respondent was directed to file any response to the motion within twenty
2  days.  Moreover, court records indicate that, in addition to the deputy attorney general who is
3  respondent's counsel, the motion was also electronically served on, inter alia, Craig Deutsch,
4  Deputy Counsel of the Office of Sacramento County Counsel, who had interposed a third party
5  objection on behalf of the Sacramento County Public Defender's Office, to the disclosure of the
6  records sought by petitioner at the time respondent filed its opposition to the discovery motion.
7  The court also notes that its Order, filed on July 30, 2008, was electronically served upon all
8  counsel, including third party counsel, as well.

9  No response to the motion for reconsideration or the subsequent court order has
10 been submitted, and the time for doing so has long since expired.  Therefore, the undersigned
11 finds that respondent and the third party have waived any objection to the court's reconsideration
12 of the motion and the granting of petitioner's discovery requests.  The court has reviewed the
13 first amended petition which abandons most of the claims of the original petition, proceeding on
14 one modified claim, identified as claim 2, wherein it is alleged that the conflict waiver as well as
15 appointment of new counsel was a violation of due process as petitioner was excluded from
16 attendance of crucial hearings and the trial court failed to disclose the essential facts disclosed in
17 the hearings to petitioner.  First Amended Petition, pp. 1-7.  This claim having evidently now
18 been exhausted in the state supreme court, constituting new circumstances warranting the court's
19 reconsideration, and respondent and the Sacramento County Public Defender's Office having
20 waived objections or opposition to the reconsideration motion by not taking their opportunity to
21 respond to it, the court will grant the motion and direct the Sacramento Public Defender's Office
22 to provide petitioner any and all documents regarding the Sacramento Public Defender's Office's
23 investigation in 2001 of petitioner's trial attorney, Karol Martin Repkow's ethics,
24 professionalism and competency in representing her clients, included but not limited to, any
25 report prepared, or in the process of being prepared, by Donald Manning, as referenced in the
26 hearing of April 2, 2001, as referenced, according to petitioner, in the Reporter's Transcript at

2161 .[1]

Finally, although the first amended petition was filed on December 12, 2007, no response has been forthcoming. See Order, filed on October 30, 2006. It is unclear why respondent has failed to answer the amended petition, filed more than a year ago, particularly since the motion to stay has long since been rendered moot. See, Fed. R. Civ. P. 12. Notwithstanding, the court will permit respondent to file its answer within thirty days, with no further extension of time to be allowed. Thereafter, petitioner may file a traverse/reply within thirty days of service of the answer.

Accordingly, IT IS ORDERED that:

1. Petitioner's unopposed motion for reconsideration of this court's denial of petitioner's discovery motion, filed on July 22, 2008 (docket # 44), is hereby granted;

2. The Sacramento Public Defender's Office is directed to provide petitioner the records pertaining to its 2001 investigation of petitioner's trial attorney, Karol Martin Repkow, as set forth more fully above; and

3. Respondent is directed to file an answer to the first amended petition (docket # 37), within thirty days of the date of this Order, no further extension of time to be permitted; upon filing of the answer, petitioner will have thirty days to file any traverse/reply.

DATED: 02/09/09

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
brew0382.rcn

---

[1] The court elects not to require the issuance of a subpoena to be served upon the Sacramento County Public Defender's Office. That office, having appeared as a third party when the motion for discovery was initially pending, the undersigned finds that the County has since waived any opposition to the reconsideration motion and the court would not credit any belated motion to quash a subpoena at this point.