IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ANTHONY BREWER,

        Petitioner,                     No. CIV S-06-0382 GEB GGH P

   vs.

D. L. RUNNELS, Warden, et al.,       <u>ORDER</u>

        Respondents.

_____/

        Petitioner, proceeding with appointed counsel, has filed a petition pursuant to 28 U.S.C. §2254. By <u>Order</u>, filed on February 9, 2009, this court directed the Sacramento County Public Defender's Office to provide petitioner with the records of the 2001 investigation of petitioner's trial attorney, Karol Martin Repkow. Sacramento County's February 19, 2009, motion for reconsideration of that order, in which respondent joined, came on for hearing on March 26, 2009. David Martin appeared on behalf of petitioner; respondent was represented by Justain Riley. The third party Sacramento County Public Defender's Office was represented by Deputy County Counsel James Woods standing in for Craig Deutsch, Deputy Counsel of the Office of Sacramento County Counsel.

        Following oral argument, counsel for the Sacramento County Public Defender's Office, at the direction of the court, submitted the records at issue for in camera review. Having

reviewed the material, the court will now direct that Sacramento County retrieve the records from the chambers of the undersigned and produce them unredacted to petitioner's counsel, ***but for his eyes only***.  Petitioner's counsel must comply fully and strictly with this admonition.  Counsel is prohibited by this court from revealing any portion of the Repkow 2001 investigative records to his client, the petitioner, or to any party not directly and routinely employed by his office, such as paralegal, clerical or secretarial staff, which staff is also required not to share any information from the records at issue to any other person or entity.  Failure to adhere fully to this proscription will result in sanctions imposed on petitioner's counsel.  Further, should the parties choose, they may stipulate to a further protective order which is consistent with an attorney's eyes only protective order.

Moreover, should petitioner's counsel rely on or make any reference in the traverse to any information for which the sole source is the 2001 investigative records that are the subject of this order, the traverse must be filed in this court under seal.  Petitioner may also publicly file an unsealed version of his traverse which redacts any information for which the only source is the County Public Defender's 2001 Repkow investigation records.

Ordering disclosure of these records does not signify in any way that the undersigned has made a determination as to any of this material's ultimate probative value in this case.

Accordingly, IT IS ORDERED that:

1. The third party Sacramento County's motion for reconsideration, filed on February 19, 2009 (docket # 47), in which respondent joined, on February 25, 2009 (# 50), is denied on its merits;

2. Sacramento County is directed to retrieve the 2001 investigative records submitted for in camera review from the chambers of the undersigned forthwith;

3. The Sacramento County Public Defender's Office is directed, within fifteen (15) days, to produce to petitioner's counsel ***for his eyes only*** the records pertaining to its 2001

investigation of petitioner's trial attorney, Karol Martin Repkow, as set forth more fully above;

    4. Petitioner's counsel is prohibited from revealing to his client, petitioner herein, or any other person or entity, with the exception of staff employees also subject to this prohibition, any of the information that is contained solely in the records of the Sacramento County Public Defender's 2001 investigation of trial counsel Repkow at issue herein; failure to comply fully with this order will subject petitioner's counsel to the imposition of sanctions; and

    5. Petitioner's counsel must file any traverse under seal which relies on, cites to, or in any way references any information that is solely contained in the investigative records produced as a result of this order; a version of the traverse from which all such information is redacted may be filed unsealed.

DATED: April 1, 2009            /s/ Gregory G. Hollows

                                            GREGORY G. HOLLOWS
                                            UNITED STATES MAGISTRATE JUDGE

GGH:009
brew0382.prd